UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>   vs.<br><br>CAMERON ZEPHIER,<br><br>                            Defendant. | 4:21-CR-40026-LLP<br><br>ORDER FOR DETENTION |

      This matter came before the court for hearing on an indictment in the above case on Wednesday, March 10, 2021. The defendant appeared by video and by his counsel, the Assistant Federal Public Defender, also by video. The United States appeared by the Assistant United States Attorney, by video.

      In accordance with the Bail Reform Act, 18 U.S.C. §3142, a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

[X]   (1)   There is a serious risk that the defendant will not appear.

[X]   (2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

      I find that the credible testimony and information submitted at the hearing establishes that:

      The defendant is charged in the indictment with receipt and distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1). The defendant has been indicted by the grand jury so there is probable cause to believe that he has committed the offenses with which he is charged.

      The defendant is charged with a federal offense involving a minor victim in violation of 18 U.S.C. § 2252A(a)(2). Therefore, a rebuttable presumption in favor of detention arises, i.e., it is presumed that no condition or combination of conditions of release will reasonably assure the defendant's appearance and the safety of the community. See 18 U.S.C. § 3142(e).

Based on the information contained in the pretrial services report, I find by a preponderance of the evidence that there is no condition or combination of conditions of release that will assure the presence of the defendant at further proceedings in this matter.  Further, I find by clear and convincing evidence that there currently is no condition or combination of conditions of release that will reasonably assure the safety of other persons in the community from similar offenses.

In reaching these decisions, I have considered:

(1) the nature and circumstances of the offense charged;

(2) the weight of the evidence against the defendant;

(3) the defendant's history and personal characteristics, including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in this community, community ties, past conduct, criminal history, as well as court appearance record;

(4) the nature and seriousness of the danger posed to other persons in the community if defendant were to be released;

(5) the rebuttable presumption against release of the defendant under 18 U.S.C. § 3142(e) because the defendant is charged with an offense involving a minor victim in violation of 18 U.S.C. § 2252A(a)(2); and

(6) the defendant appeared via a writ and requested to remain in federal custody.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of any attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 10th day of March, 2021.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge